1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  EDDIE L. PITTS,                                    No. 2:12-cv-1310-TLN-CMK-P

12              Plaintiff,

13        vs.                                          <u>ORDER</u>

14  M. CATES, et al.,

15              Defendants.

16  _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18  U.S.C. § 1983.   This action has been removed to this court from the Solano County Superior

19  Court.  Pending before the court is plaintiff's objections to the removal (Doc. 11) and

20  defendant's request for screening (Doc. 3).

21          Plaintiff objects to the removal of this action from state court on the grounds that

22  he did not intend to raise federal claims, only state claims.  He requests leave of court to amend

23  his complaint in order to properly state his federal claims.  To the extent plaintiff intended to

24  only raise state law claims, his complaint belies that statement.  Plaintiff clearly states in his

25  complaint that both his federal and state Constitutional rights were violated.  Therefore, this court

26  does have jurisdiction pursuant to 42 U.S.C. § 1441.

1    The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

3  § 1915A(a).  This screening is usually done upon the filing of a new action.  Defendants have

4  requested this screening upon removal .  The court must dismiss a complaint or portion thereof if

5  it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3)

6  seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.

7  § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints

8  contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

9  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.

10  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

11  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim

12  and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

13  Because plaintiff must allege with at least some degree of particularity overt acts by specific

14  defendants which support the claims, vague and conclusory allegations fail to satisfy this

15  standard.  Additionally, it is impossible for the court to conduct the screening required by law

16  when the allegations are vague and conclusory.

17    Plaintiff claims both his state and federal Constitutional rights have been violated

18  by the defendants subjecting him to numerous lock-downs at California State Prison, Solano

19  (CSP-Solano) based solely on his race.  He claims he was never involved in any of the

20  altercations which resulted in all black inmates being subjected to the lock-downs, he was not

21  associated with any of the individuals involved in the altercations, some of which occurred prior

22  to his arrival at CSP-Solano, nor has he ever been involved in any race-based altercations with

23  other inmates.  He states that the defendants, including Cates, Swarthout, Starke, Peterson,

24  Cappel, Hardy, Author, Blackwell, and Freese, were all personally involved in the lock-down

25  decisions.  He further alleges that defendant Cates and Swarthout implemented the policies and

26  procedures which resulted in plaintiff being subjected to these race-based lock-downs.

1      The complaint also alleges some difficulties plaintiff had with the inmate

2   grievance process.  None of the individuals alleged to be involved with the inmate grievance

3   process appear to be named defendants.  Rather, it appears that plaintiff is attempting to show

4   that his administrative remedies have been exhausted to the best of his abilities, and that any

5   failure thereof is due to the adverse actions of the individuals in charge of the grievance process.

6      However, to the extent that plaintiff is attempting to state a claim against these

7   individuals, he is informed that prisoners have no stand-alone due process rights related to the

8   administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

9   also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty

10   interest entitling inmates to a specific grievance process).  Because there is no right to any

11   particular grievance process, it is impossible for due process to have been violated by ignoring or

12   failing to properly process grievances.   Numerous district courts in this circuit have reached the

13   same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that

14   failure to properly process grievances did not violate any constitutional right); Cage v. Cambra,

15   1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process

16   and address grievances does not support constitutional claim); James v. U.S. Marshal's Service,

17   1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure

18   to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994

19   WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to

20   function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First

21   Amendment right to petition the government through the prison grievance process.  See Bradley

22   v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process

23   may, in certain circumstances, implicate the First Amendment.  It does not appear that plaintiff is

24   attempting to state a First Amendment claim, and as such, the court will not authorize service as

25   to any of the individuals alleged to be involved in the grievance process.

26   / / /

1    Finally, plaintiff names Blackwell as a defendant in the caption of his complaint.

2 However, no facts are alleged tying Blackwell to any of the claims.  To state a claim under 42

3 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the

4 named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S.

5 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the

6 deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

7 participates in another's affirmative acts, or omits to perform an act which he is legally required

8 to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740,

9 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

10 personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

11 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual

12 defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d

13 628, 634 (9th Cir. 1988).  As plaintiff fails to allege any facts regarding Blackwell's

14 involvement, he fails to state a claim against this individual.

15    With the exception of any claim plaintiff may have against Blackwell and the

16 inmate grievance process, the complaint appears to state a cognizable claim for relief pursuant to

17 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a

18 reasonable opportunity to prevail on the merits of this action.  Because it is possible that the

19 deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled

20 to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

21 Plaintiff is informed that, as a general rule, an amended complaint supersedes the original

22 complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff

23 amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's

24 amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in

25 itself without reference to any prior pleading.  See id.

26 / / /

1        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4   each named defendant is involved, and must set forth some affirmative link or connection

5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7        However, plaintiff need not file an amended complaint in order to proceed in this

8   action against defendants Cates, Swarthout, Starke, Peterson, Cappel, Hardy, Author, Blackwell,

9   and Freese in regards to his claims resulting from the race-based lock-downs.  Because the

10   complaint appears to otherwise state cognizable claims, if no amended complaint is filed within

11   the time allowed therefor, the court will issue findings and recommendations that defendant

12   Blackwell be dismissed from this action, and that this action proceed as against the remaining

13   defendants.

14        Finally, as this action was removed from state court, several of the defendants

15   have appeared.  However, it appears that service remains outstanding as to defendants Cates,

16   Starke, and Freese.  Plaintiff will be required to inform the court as to the status of service of

17   these individual defendants.  If plaintiff needs assistance in the service of these defendants, and

18   he meets the in forma pauperis status, he may request the United States Marshal assist in serving

19   the remaining defendants.  He will, however, be required to submit the applicable application to

20   proceed in forma pauperis, as well as the necessary service documents.  Plaintiff is cautioned that

21   continued failure to effect service may result in the dismissal of unserved defendants.  See Fed.

22   R. Civ. P. 4(m).

23        Accordingly, IT IS HEREBY ORDERED that:

24        1.        Plaintiff may file an amended complaint within 30 days of the date of

25   service of this order;

26   / / /

1      2.      If plaintiff chooses not to file an amended complaint, this action will

2  proceed against defendants Cates, Swarthout, Starke, Peterson, Cappel, Hardy, Author,

3  Blackwell, and Freese;

4      3.      If no amended complaint is filed within 30 days of the date of this order,

5  defendants shall file a response to the complaint within 30 days thereafter;

6      4.      If plaintiff chooses to file an amended complaint, the court will issue a

7  separate order setting a response deadline for the defendants;

8      5.      Within 30 days of the date of this order, plaintiff shall inform the court as

9  to the status of service as to defendants Cates, Starke, and Freese;

10     6.      If plaintiff needs assistance to complete service as to defendants Cates,

11  Starke, and/or Freese, he may submit, within 30 days from the date of this order, an application

12  to proceed in forma pauperis and request that the United States Marshal assist in completing

13  service of process; and

14     7.      The Clerk of the Court is directed to send plaintiff a form Application to

15  Proceed In Forma Pauperis By a Prisoner.

16

17     DATED:  October 31, 2014

18

19                                    _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26